Filed 8/23/24  P. v. Mount CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099429 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22CS0713 & 23F4748) |
| v. | |
| GEORGE KENNETH MOUNT, | |
| Defendant and Appellant. | |

Defendant George Kenneth Mount pled guilty to one count of general burglary and the trial court sentenced him to four years in prison.  The trial court also issued a criminal protective order on behalf of one of the victims, R.R.,[1] and an additional person, A.R., pursuant to Penal Code[2] section 136.2, subdivision (i).  On appeal, defendant

---

[1]     To protect their privacy, we refer to the victims and witnesses by their initials. (Cal. Rules of Court, rule 8.90(a)(1), (b)(10), (11).)

[2]     Undesignated statutory references are to the Penal Code.

1

argues the criminal protective order was unauthorized and should be stricken. The People agree issuance of the criminal protective order was unauthorized but contend we should remand the matter for the trial court to determine whether to issue a nonstatutory protective order. We will strike the criminal protective order and otherwise affirm the judgment.

## BACKGROUND[3]

Early one morning, defendant and his accomplice broke into H.G.'s barn and loaded a motorcycle and a quad runner onto a trailer and other items into the bed of his truck. H.G. and R.R. saw defendant drive away with their belongings. Defendant pled no contest to general burglary (§ 459) and agreed to a maximum term of six years in prison. Defendant admitted he was on postrelease community supervision in Shasta County Superior Court case No. 22CS-00713 when he committed the burglary and had a prior strike conviction (§ 1170.12).

At sentencing, the People requested a criminal protective order. The prosecutor said the victims provided "some information I didn't know, that [defendant] had moved to, they had been doing some work for their company, (inaudible) the individual that was knowledgeable to them as victims and they are concerned, they would be asking for a no contact order from him. I don't have a [criminal protective order] to fill out. But, as to that, they indicated they gave their statement to Probation."

The probation department summarized its conversation with R.R. in a memorandum to the trial court. R.R. and H.G. lived at the residence that defendant burglarized. R.R. did not know if defendant and his accomplice were armed, so she was afraid for her life when she saw them breaking into the barn. After the burglary, she was scared defendant would retaliate; she felt uneasy in her home. When a neighbor told R.R.

---

**3**  We take portions of the factual background from the probation report's summary of the Shasta County Sheriff's report. The sheriff's report is the factual basis of the plea.

she saw defendant's truck at R.R.'s home multiple times, R.R. realized that several other items were missing. This led R.R. to believe that defendant stole these other items on a prior occasion. She also discovered that defendant worked for the same water company that serviced her property, though she did not know if he came to the property during that employment.

In response to the People's request, the trial court asked for the paperwork for the criminal protective order. The People agreed to have it prepared the next day, so the court continued the issue of the criminal protective order until the next day and proceeded to sentencing. The trial court sentenced defendant to the midterm of two years in prison, doubled to four years for the prior strike.

The next day, the People presented a completed Judicial Council form No. CR-161 to the trial court for review. On the form, the People checked the box seeking a protective order under section 136.2, subdivision (i). The People did not make any argument or produce any evidence and the trial court announced, "At the request of the People, because it wasn't prepared yesterday at sentencing, there is a criminal protective order, which we discussed. The Court has executed that." The criminal protective order required that defendant not contact R.R. and stay away from her home for 10 years. It also included an additional protected person named A.R. but did not identify A.R.'s relationship to R.R.

DISCUSSION

I

On appeal, defendant contends the criminal protective order must be stricken as an unauthorized sentence because burglary is not one of the enumerated offenses in section 136.2, subdivision (i). The People concede the criminal protective order was not authorized under section 136.2, subdivision (i). However, the People argue the matter should be remanded so the trial court can consider using its inherent authority to issue a nonstatutory protective order.

3

A. *Legal Background*

"Section 136.2 permits the trial court in a criminal case to protect a witness or a victim by issuing a protective order." (*People v. Ponce* (2009) 173 Cal.App.4th 378, 382, fn. omitted (*Ponce*).) The duration of the protective order issued under section 136.2 may not extend beyond the trial court's jurisdiction over the criminal case, unless they are issued pursuant to section 136.2, subdivision (i)(1). (*Ponce, supra*, at pp. 382-383.) Under section 136.2, subdivision (i)(1), when a criminal defendant is convicted of an enumerated crime, including domestic violence, human trafficking, or a crime that requires registration as a sex offender, "the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim of the crime. The order may be valid for up to 10 years, as determined by the court."

B. *Analysis*

As an initial matter, we accept the People's concession that the trial court was not authorized to grant the criminal protective order under section 136.2, subdivision (i). The trial court issued the criminal protective order under section 136.2, subdivision (i), but defendant's conviction for general burglary is not one of the enumerated offenses to which that section applies. Therefore, the criminal protective order was unauthorized. (*Ponce, supra*, 173 Cal.App.4th at pp. 381-383.)

Despite their agreement on the error, the parties disagree on the remedy. Defendant argues the criminal protective order should be stricken on appeal. The People contend this court should remand the matter for the trial court to consider using its inherent authority to issue a nonstatutory protective order.

In *Ponce*, the appellate court considered whether a trial court was permitted to exercise its inherent authority to grant a nonstatutory protective order and explained that "Where the Legislature authorizes a specific variety of available procedures, the courts should use them and should normally refrain from exercising their inherent powers to invent alternatives." (*Ponce, supra*, 173 Cal.App.4th at p. 384.) "Moreover, even where

4

a court has inherent authority over an area where the Legislature has not acted, this does not authorize its issuing orders against defendants by fiat or without any valid showing to justify the need for the order." (*Ibid*.)  Rather, a trial court should issue a protective order under its inherent power only in rare and compelling circumstances.  (*Id*. at p. 385.)  As the party seeking the restraining order, the People bear the burden to "make an offer of proof or argument justifying the need."  (*People v. Robertson* (2012) 208 Cal.App.4th 965, 996.)

The People are correct that possible grounds for the trial court's exercise of inherent authority could include a defendant threatening a witness or trying to unlawfully interfere with the criminal proceedings.  (*People v. Robertson, supra*, 208 Cal.App.4th at p. 996.)  But nothing in the record indicates that defendant ever contacted R.R. or A.R. before, during, or after the burglary.  Although a neighbor saw defendant's truck at R.R.'s home before the burglary and defendant worked for the same water company that serviced R.R.'s property, nothing indicates he was previously on R.R.'s property, had any contact with R.R., or that R.R. was aware of defendant's presence on these prior occasions.  And while R.R. was afraid defendant would retaliate, nothing in the record indicates that defendant tried to threaten or intimidate her or A.R.  Nothing in the record indicates that defendant otherwise unlawfully interfered with the criminal proceedings either.  Further, the record makes no mention of A.R. and the People do not shed any light on whether A.R. was another witness or victim either.  Thus, nothing in the record indicates any rare or compelling circumstances that could justify the trial court exercising inherent authority.

The People nevertheless argue that remand is appropriate because defendant did not object to the criminal protective order in the trial court and the prosecution was not given notice that more evidence was required to support the protective order.  We disagree.

5

*Ponce,* which was decided over 14 years before defendant's sentencing hearing, alerted the People of the need to make a showing to justify the need for a protective order under the trial court's inherent authority. (*Ponce, supra*, 173 Cal.App.4th at pp. 384-385.) At the time the People requested the criminal protective order, they knew or should have known that section 136.2, subdivision (i), could not authorize the protective order. Yet the People did not argue for or offer any evidence that would warrant the trial court's exercise of inherent authority. Although the trial court gave the People an additional day to prepare the paperwork, the People still elected to seek a criminal protective order under section 136.2, subdivision (i) without producing any evidence in support of the application. Even now, on appeal, the People do not point to any facts in the record that would support issuing a nonstatutory protective order. Accordingly, we see no basis for a remand to allow the People an opportunity to justify an order for which the record discloses no legal or factual basis.

## DISPOSITION

The criminal protective order is stricken. In all other respects, the judgment is affirmed.

_____\s\_____,
Krause, J.


We concur:


_____\s\_____,
Mauro, Acting P. J.


_____\s\_____,
Renner, J.

6